THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT S. BLENDHEIM, et al.,<br><br>　　　　　Appellants,<br>　　v.<br><br>THE NOTE HOLDER, et al.,<br><br>　　　　　Appellees. | CASE NO. C16-1376-JCC<br><br>ORDER GRANTING APPELLEES'<br>MOTION TO DISMISS APPEAL |

This matter comes before the Court on Appellees' motion to dismiss appeal (Dkt. No. 14). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.　BACKGROUND

This case stems from the prior litigation of Appellants Robert and Darlene Blendheim ("Blendheims") in the United States Bankruptcy Court for the Western District of Washington. The Blendheims filed a motion for summary judgment to recover attorney fees and costs related to their prior bankruptcy litigation. (Dkt. No. 13-2 at 191–213.) The Honorable Marc L. Barreca, United States Bankruptcy Judge, granted the motion in part in the memorandum opinion regarding debtors' motion for summary judgment for determination of fees ("Memorandum Opinion"). (Dkt. No. 13-2 at 555–79.) Judge Barreca considered nine categories of fee requests

and granted seven requests, denied one request for interest on fee awards, and indicated that he would later award fees related to the motion for summary judgment. (Dkt. No. 13-2 at 569–579). The Blendheims filed a motion for reconsideration which was denied. (Dkt. No. 1 at 45–46). The Blendheims next filed a notice of appeal with this Court. (Dkt. No. 1 at 47–51). Appellees now seek to dismiss this appeal. (Dkt. No. 14.)

**II.    DISCUSSION**

   **A.    Motion to Appeal an Interlocutory Order**

Appellees assert that the Blendheims' motion to appeal should be dismissed as the Memorandum Opinion was interlocutory and not "a final and appealable judgment, order, or decree." (Dkt. No. 14 at 2.) In support, Appellees point to the language in the Memorandum Opinion regarding the Blendheims' motion for summary judgment fees: "[c]ontingent upon further briefing and submission of time records, I will award Debtors a portion of their reasonable attorneys' fees and costs related to litigating." (Dkt. No. 13-2 at 532.) Appellees argue that the Memorandum Opinion was not final and therefore any appeal is not appropriate at this time. (Dkt. No. 14 at 7.)

In response, the Blendheims assert that the Memorandum Opinion was final and point to the language that "with entry of this order Debtors will obtain a final judgment" as evidence. (Dkt. No. 16 at 2.) The Blendheims insist that the summary judgment fees were clearly awarded in the Memorandum Opinion and although the specific amount is to be determined, that merely requires the Bankruptcy Court to apply its pre-determined "rubric to a subsequent submission of time records." (*Id.*)

A final court decision is usually "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988). The fact that there may still be a question remaining after a decision is issued "does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order." *Id.* However, an attorney fees award "does not become final

until the amount of the fee award is determined." *Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1357 (9th Cir. 1998). It is "premature to appeal the fee award until the amount [is] determined by the court." *Id.* Here, the Memorandum Opinion clearly indicates that the amount of the fee award is yet to be determined. Therefore, the Blendheims' appeal of the Memorandum Order is an appeal of an interlocutory order.

When an appeal is filed on an interlocutory order it must be accompanied by a motion for leave to appeal. Fed. R. Bankr. P. 8004(a)(2). In the absence of such a motion, the district court may order the appellant to file one or treat the notice of appeal as a motion for leave and grant or deny it. Fed. R. Bankr. P. 8004(d). The Blendheims request that the Court treat the notice of appeal as a motion for leave and grant the appeal. (Dkt. No. 16 at 3.) Appellees request that the Court dismiss the appeal. (Dkt. No. 14 at 10.) As the Bankruptcy Court has yet to resolve the issue of attorney fees associated with the motion for summary judgment, this Court will not prematurely intervene in the process. The Blendheims' appeal is DISMISSED as not ripe.

## III.   CONCLUSION

For the foregoing reasons, Appellees' motion to dismiss (Dkt. No. 14) is GRANTED. The Clerk is respectfully directed to CLOSE the case.

DATED this 2nd day of March, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING APPELLEES' MOTION TO
DISMISS APPEAL
PAGE - 3